```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION

UNITED STATES OF AMERICA,       )
                                )
            v.                  ) CAUSE NO. 2:06 CR 167
                                )
J. ANTHONY CAPOZZOLI            )
```

## OPINION AND ORDER OF DETENTION

At the August 22, 2006 initial appearance, the government requested that the defendant, Anthony Capozzoli, be held without bond. By agreement of the parties, an order was entered on August 25, 2006, committing the defendant to a United States Medical Center for Federal Prisoners for a mental evaluation. A detention hearing was conducted on December 21, 2006, and the court now makes the following findings of fact:

1. The defendant currently is charged in a one count indictment with a violation of 18 U.S.C. §2422(b). If convicted, the defendant faces a mandatory minimum sentence of ten years imprisonment and a maximum sentence of life imprisonment.

2. At the detention hearing, the government proffered evidence to supplement the indictment and the prebond report. The defendant also proffered evidence based upon the testimony of the defendant's father, Thomas Capozzoli, and the defendant's brother, Nick Capozzoli.

3. On August 17, 2006, the defendant engaged in sexually explicit online conversations with an undercover police officer posing as a 13 year old girl. On that same date, the defendant also had two sexually explicit telephone conversations with the

"minor."  On a number of occasions, the police officer told the defendant that she was 13 years old.

    4.   During the first online conversation, the defendant encouraged the "minor" to masturbate and repeatedly asked her to describe both her conduct and her feelings as she stimulated herself.

    5.   During the two telephone conversations, the defendant again encouraged the "minor" to masturbate and describe her activities for him.  During the second telephone conversation, the defendant also masturbated.

    6.   The "minor" encouraged the defendant to drive from Greentown, Indiana to Lafayette, Indiana, on either Saturday August 18, 2006 or Sunday, August 19, 2006.  The defendant indicated that he could not meet with the "minor" because he was scheduled to work those days.

    7.   After his arrest, the defendant gave a statement admitting to his conversations with the undercover police officer.

    8.   Although the defendant was in special education classes in high school, he took computer related courses at Ivy Tech for two years following his graduation.  For the past two years, the defendant was employed as a cashier at the Meijer store in Kokomo, Indiana.

    9.   According to his father, the defendant has the maturity level of a young teenager because of his learning disabilities. The defendant always has lived with his parents, but the parents monitor the defendant's financial transactions.  According to the

defendant's brother, the defendant has problems following directions and could not have made the trip to Lafayette.

Under 18 U.S.C. §3142(e), a defendant may be detained as a danger to the community if he is charged with a crime of violence under Section 3142(f)(1)(A). The defendant is charged with using the internet to solicit sex with someone he believed to be a 13 year old girl in violation of 18 U.S.C. §2422(b). If this constitutes a crime of violence, there is a rebuttable presumption in favor of detention.

In *United States v. Munro*, 394 F.3d 865 (10th Cir. 2005), the defendant was charged with using the internet to solicit sex with a minor in violation of Section 2422(b) along with carrying a firearm during a crime of violence in violation of 18 U.S.C. §924(c). The Court of Appeals concluded that the attempted sexual abuse of a minor was a crime of violence and upheld the Section 924(c) conviction. 394 F.3d at 870-871. *See also* *United States v. Abad*, 350 F.3d 793, 798-99 (8th Cir. 2003) (where the defendant was charged with traveling in interstate commerce to engage in sexual activity with a minor in violation of 18 U.S.C. §2423(b), the Court of Appeals held that the defendant was charged with a crime of violence and that the district court erred in releasing the defendant on bond); *United States v. Champion*, 248 F.3d 502, 506 (6th Cir. 2001) (in sentencing the defendant following his conviction under Section 2422(b) and other statutes designed to protect minors, it was held that the defendant was convicted of a crime of violence and that an

enhancement was appropriate under Section 4B1.1 of the Sentencing Guidelines); **United States v. Searcy**, 418 F.3d 1193, 1197 (11th Cir. 2005) (finding that a violation of Section 2422(b) was a crime of violence under Section 4B1.1).

In **United States v. Vargas**, 332 F.3d 471 (7th Cir. 2003), the Seventh Circuit reviewed the Application Note to Section 2L1.2 and concluded that any sexual abuse of a minor constitutes a crime of violence.  332 F.3d at 473-74.  *See also* **United States v. Martinez**, 250 F.3d 1101, 1105 (7th Cir. 2001) ("Engaging in sexual intercourse with a thirteen-year-old girl was a 'crime of violence'").

In **Doe v. Smith**, 2006 WL 3408797 (7th Cir. 2006), the Court of Appeals discussed whether a conviction for indecent solicitation of a child was admissible under Federal Rules of Evidence 413 and 415.  Under Rule 415(a), "evidence of that party's commission of another offense or offenses of sexual assault or child molestation is admissible" in a claim for damages against the perpetrator.  Rule 413(d)(5) defines "offense of sexual assault" to include "an attempt or conspiracy to engage" in that conduct.  In concluding that evidence of the conviction for indecent solicitation of a child was admissible, the Court of Appeals concluded:

> Smith's conduct is analogous to the defen-
> dants' conduct in cyber-molester cases . . . .
> There is no appreciable difference between
> attempted child sexual assault using tele-
> phonic means, as in this case, and electronic
> means, as in the cyber-molester cases.  We
> therefore conclude that Smith's solicitation

4

>     of a child in 2004 constituted an attempt to
>     commit a sexual offense against a minor.

The foregoing cases are consistent with the definition of "crime of violence" under Section 3156(a)(4)(B):

>     the term "crime of violence" means -
>
>                       * * *
>
>         (B)  any other offense that is a felony
>              and that, by its nature, involves a
>              substantial risk that physical
>              force against the person or prop-
>              erty of another may be used in the
>              course of committing the offense
>              . . .

For purposes of Section 3156(a)(4)(B), a charge under Section 2422(b) is a crime of violence.

In determining whether detention is appropriate, one factor to be considered is "the weight of the evidence against the person . . . ."  Section 3142(g)(2)  In the instant case, the government has a transcript of the entire conversation from the internet chat room, and the defendant gave a statement following his arrest.

The government has demonstrated by clear and convincing evidence that the defendant is a danger to the community and "that no condition or combination of conditions will reasonably assure . . . the safety of . . . the community . . . ."  Section 3142(e)  On August 17, 2006, the defendant had two separate sexually explicit online conversations with an undercover police officer posing as a 13 year old girl.  The defendant also had two telephone conversations with the police officer.  The defendant repeatedly encouraged the "minor" to masturbate and to describe

her conduct.  During the second telephone conversation, the defendant masturbated while he talked to the "minor."

Although the defendant was in special education classes while in high school, he took computer related classes at Ivy Tech following his graduation.  At the time of his arrest, the defendant was employed as a cashier at the Meijer store in Kokomo, Indiana.

Although the defendant was in special education classes while in high school, he has displayed the ability to use computers and gain access to chat rooms.  Because of the ready availability of computers, it would be difficult to provide restrictions on the defendant's activities which would deny him access to a computer and minor children.  Under all of the circumstances, it is unlikely that the Probation Department could effectively monitor the defendant if released on bond.

The government's motion for pretrial detention is **GRANTED**, and the defendant is **ORDERED HELD WITHOUT BOND**.  18 U.S.C. §3142(e)

Pursuant to 18 U.S.C. §3142(i), it is further **ORDERED** that:

- A. The defendant shall be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable, from persons who are confined after a conviction;

- B. The defendant shall be afforded reasonable opportunities for private consultation with his attorney; and

- C. The defendant shall be delivered to the custody of the United States Marshal

>       when the appearance of each defendant
>       for any court proceeding is required.

ENTERED this 12th day of January, 2007

>                    s/ Andrew P. Rodovich
>                       United States Magistrate Judge